THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
HARTLEY H. PARMERTER, as Clerk of the Village of Platts-
burgh, Appellant.

1. MUNICIPAL CORPORATIONS — VILLAGE OF PLATTSBURGH — RENEWAL
OF WATER BONDS.  Under the act (L. 1874, ch. 188) creating a board of
water commissioners for the village of Plattsburgh, the consent of the
board of trustees of the village is prerequisite to the renewal, as well as to
the original issuance, by the water commissioners, of village water bonds
in excess of $5,000.

2. SPECIAL PROVISION NOT REPEALED BY GENERAL MUNICIPAL LAW —
REGISTRATION OF VILLAGE WATER BONDS.  The provision of the special
act, making the consent of the board of trustees prerequisite to the issu-
ance or renewal of water bonds by the water commissioners of the village
of Plattsburgh, was not repealed by implication by the General Municipal
Law (L. 1892, ch. 685) ; but the provision of that law for the attestation
and registration of municipal bonds by the clerk of the municipality is
merely an additional requirement, and does not authorize the attestation
and registration of renewal water bonds, undertaken to be issued by the
water commissioners in the absence of the consent of the board of trustees.

3. MUNICIPAL CLERK'S FEE FOR REGISTERING BONDS — APPLICANT
FOR REGISTRATION.  *Quære*, whether the clerk of a municipality can be
compelled by mandamus to attest and register municipal bonds, under the
General Municipal Law, without payment of the fee prescribed by that
law (§ 9), or at the request of any one except the payee of the bonds.

4. DATE OF RENEWAL BONDS.  *Quære*, as to the right to attestation
and registration, of renewal municipal bonds claimed to have been issued
under the General Municipal Law (§ 7), bearing a date earlier than the
date of maturity of the original bonds.

5. MANDAMUS WITHOUT A RELATOR.  *Quære*, as to the regularity of a
mandamus proceeding against a village clerk, in the name of the People
of the State alone, without any relator, instituted on an affidavit made by
the village water commissioners, to compel the clerk to attest and register
village water bonds.

*People* v. *Parmenter*, 19 App. Div. 632, reversed.

(Argued January 9, 1899; decided March 7, 1899.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the third judicial department, entered July
20, 1897, affirming an order of Special Term granting a
peremptory writ of mandamus.

The facts, so far as material, are stated in the opinion.

*S. L. Wheeler* for appellant. The board of water commissioners of the village of Plattsburgh cannot issue bonds under the General Municipal Law of the State of New York (Ch. 685, L. 1892) and the several acts amendatory thereto and thereof. (L. 1874, ch. 188, §§ 6, 12; *B. C. Assn.* v. *City of Buffalo,* 118 N. Y. 61; *Coxe* v. *State,* 144 N. Y. 396.) The statute did not give the water commissioners authority to issue bonds in renewal of other bonds six months in advance of the maturity of the bonds to be renewed. (*Vil. of Fort Edward* v. *Fish,* 86 Hun, 548.) The clerk of the village of Plattsburgh was under no obligation to register the bonds in question until his fees were tendered him. (L. 1892, ch. 685.) The clerk had the right to determine the fact that the bonds were issued in violation of the statute and to determine the further fact that there was no statute requiring him to sign, attest and place the seal of the corporation to said bonds. (*People ex rel.* v. *Com. of Land Office,* 149 N. Y. 26; 43 N. Y. 457.) Whatever is required to be done by the relator as a condition precedent to the right to demand the issuing of a mandamus must be proved by him affirmatively. (*People ex rel.* v. *Hayt,* 66 N. Y. 606.) The relator cannot say that because the bonds have been signed, sealed and attested, this appeal is useless, for the reason that by the order, the clerk is charged personally with twenty-five dollars costs of the proceeding. This affects a substantial right and he has the right to appeal from and insist upon the order containing this wrongful provision being reversed. (*Sturgis* v. *Spofford,* 58 N. Y. 103.) The order is appealable to the Court of Appeals. (*Matter of Taxpayers of Plattsburgh,* 157 N. Y. 78.)

*Thomas B. Cotter* for respondent. The applicants were entitled to the peremptory writ asked for. (L. 1874, ch. 188; L. 1868, ch. 248; L. 1870, ch. 326; L. 1890, ch. 322, tit. 5, § 4; L. 1892, ch. 685, § 9.) The writ of peremptory mandamus was properly granted. (Code Civ. Pro. § 2070; *People ex rel.* v. *Bd. Suprs.,* 135 N. Y. 522; *People* v. *Brennan,* 39 Barb. 539; *People* v. *Assessors,* 52 How. Pr. 140; *People*

v. *Paton,* 5 N. Y. S. R. 313; *People ex rel.* v. *Bd. Suprs.,* 64 N. Y. 600.) This appeal presents no actual litigation, but an abstract proposition of law, and should be dismissed, with costs, or the order appealed from affirmed, with costs. (*Matter of Manning,* 139 N. Y. 446; *Bryant* v. *Thompson,* 128 N. Y. 426; *People ex rel.* v. *Squire,* 110 N. Y. 666; *People ex rel.* v. *Common Council of Troy,* 82 N. Y. 575.)

O'BRIEN, J. The order from which this appeal is taken directed that a peremptory writ of mandamus issue, requiring the defendant, as clerk of the village of Plattsburgh, to forthwith attest and affix the seal of the village to each of twenty-two water bonds of the denomination of one thousand dollars each, dated July 1, 1896, executed by two persons who are described as water commissioners of the village, and to register the same in a book kept by him for that purpose.

The application for the writ was supported by an affidavit made by these two persons, who swear that they constitute the board of water commissioners of the village and are clothed with the powers conferred by chapter 188 of the Laws of 1874.

It is further stated in this affidavit that, on the first of July preceding, there became due and payable twelve thousand dollars of the water bonds, constituting a part of the bonded indebtedness of the village, which had been theretofore duly contracted, and that there was to become due on the first of January, 1897, the further sum of ten thousand dollars of outstanding bonds. That, at a regular meeting of the board of water commissioners held on the eighth day of June, 1896, it was resolved that new bonds, amounting to twenty-two thousand dollars, should be issued, the avails to be used to retire the twelve thousand dollars of bonds already due or about to become due on the first of July, 1896, and also the ten thousand dollars of bonds to become due on January 1, 1897; these bonds to be issued under chapter 685 of the Laws of 1892, principal and interest payable at a bank named, at the rate of four per cent semi-annually, January and July

of each year, from July 1, 1896, when said bonds shall be dated.

The affidavit then states that in pursuance of this resolution the board of water commissioners caused to be printed and had negotiated the sale of the twenty-two bonds in question for the purpose of renewing the twelve thousand dollars of bonds falling due July 1, 1896, and the ten thousand dollars falling due January 1, 1897.

It is also stated that the bonds to be retired were issued to refund bonds originally issued to borrow money to construct water works for supplying the village with water. It is then stated that when the bonds were printed and signed by the two commissioners making the affidavit as sole commissioners, they applied to the defendant, as clerk of the village, to attest the same and attach the village seal thereto, as such clerk, and to register the same in the village book kept for such purpose, but that the defendant refused, and still refuses, to attest the bonds, or any of them, and refuses to affix the seal of the village thereto, or to register the same, or any of them.

No other facts bearing upon the right to procure the mandamus were stated, and upon this affidavit an application was made at the Special Term of the Supreme Court held on the 13th of July, 1896, for an order directing the writ prayed for to issue against the defendant. The defendant made no affidavit in opposition to the application, but it appears from the face of the order that he appeared before the court by counsel and opposed the application. Since there was no controversy in regard to the facts, the defendant's opposition to the application must be regarded as in substance a demurrer to the facts stated in the moving affidavit.

The question is, therefore, presented whether the moving parties have stated sufficient facts in their affidavit to entitle them to the order which was made upon the application. They were bound to show to the court that the defendant had refused to perform some clear legal duty that the parties making the application were entitled, as matter of law, to have him perform. If the proof presented to the court fell materi-

ally below this requirement, it must follow that the order was improperly granted. We think that the application should have been denied upon the facts presented and for the reasons which will be briefly stated.

1. The power of the water commissioners to create obligations against the village has its foundation in chapter 188 of the Laws of 1874. By that statute the board is created and the powers and duties of the commissioners defined. They were restricted from contracting any obligations binding upon the village in excess of five thousand dollars without the consent of the village trustees. They were empowered by section twelve of that act to renew bonds issued for the purpose of borrowing money to construct water works when they fell due, on the same terms and conditions on which they were first issued; but they were authorized to do that only with the consent of the board of trustees of the village. The twenty-two bonds which the defendant was required to attest and register were issued, as is admitted, without the consent of the village authorities and by the water commissioners alone.

2. But it is claimed that this restriction has been impliedly repealed by the provisions of the General Municipal Law. (Ch. 685, L. 1892.) Nothing can be found in the latter act in any way inconsistent with the original restriction. The general law contains general provisions for the issuing, signing and registration of municipal bonds, but it cannot be construed to have repealed special provisions on the same subject in city or village charters or in special laws. It requires, it is true, that the village shall provide a book to be kept in the office of the clerk for the registration of bonds, but that was simply an additional requirement that did not repeal the provisions of the act of 1874, which required the water commissioners to issue and renew bonds only with the consent of the authorities of the village, against which they then became an obligation.

3. The General Municipal Law, above stated, is the only statute which imposed any duty upon the defendant with respect to

the attestation or registration of village bonds, whether issued by the water commissioners or otherwise. That act provides that the clerk shall be entitled to a fee of twenty-five cents for each bond so registered. In this case the clerk would have been entitled, as compensation for his services, to something over five dollars. The moving papers did not state that this fee had been either paid or tendered to him, and unless it was the clerk could not be compelled, by mandamus, to perform the official service. But, moreover, that statute provides for the registration of municipal bonds by the clerk at the request of the payee ; that is, the person named as payee in the bonds, or, at least, the person owning and holding them. It is not claimed, and certainly was not shown, that the water commissioners, who made the request to attest and register the bonds, had any interest in them, and nothing appears in the moving papers to show that they had any legal right to call upon the clerk for the performance of such service. Before the writ could properly issue against the defendant, the court must have proof before it that the official had refused to perform a duty imposed upon him by law, having been requested to perform the duty by or in behalf of some one who had the right to request such performance. At all events, the clerk was not put in the wrong by proof of a mere request by the commissioners without the payment or tender to him of the fee to which he was entitled by law.

4. By the seventh section of the act of 1892, under which it is claimed the bonds in question were issued, it is provided that they " shall bear date and draw interest from the date of the payment of the existing bonds, or the receipt of the money to pay the same, at not exceeding the rate of four per cent per annum, payable quarterly or semi-annually." It will be seen that the bonds in question bore date on the first of July, 1896, and ten thousand dollars of the amount were issued to retire old bonds becoming due on the first day of January, 1897. Both the old and the new bonds would, therefore, draw interest from the first of July, 1896 ; and it is manifest that in this respect they did not comply with the

statute, and it is not at all clear that the clerk was bound, under the circumstances, to attest or register them.

5. It is provided by section 1994 of the Code that a writ of mandamus must be issued in behalf of the People of the state ; but where it is awarded upon the application of a private person, it must show that it was issued upon the relation of that person. It is quite clear that this provision has not been complied with in this case. There is nothing upon the face of the papers to show that there is any relator upon whose application the writ was issued. We find an affidavit in the record made by the commissioners, and that is all. It is quite certain that the People of the State, the only party named in the proceedings, have no interest whatever in the controversy between a clerk of a village and water commissioners, with respect to the duty and obligation to attest and register bonds. The parties who made the affidavit might be regarded as the persons who had applied for the writ, but in order to comply with the provision of the Code they should have been joined as relators. It may be, however, that if this was the only defect in the proceedings it might possibly, upon this appeal, be overlooked, but for the other reasons stated, it would seem to be quite clear that no case was made out against the defendant which authorized the court to direct the issuing of the writ.

The order should, therefore, be reversed and the application denied, with costs to the defendant in all the courts.

All concur in result, upon the grounds numbered one and two in the opinion.

Order reversed.